IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. ROBERT EUGENE FINCHUM, JR.**

**Direct Appeal from the Criminal Court for Hawkins County**
**No. 7554     James E. Beckner , Judge**

**No. E1999-00696-CCA-R3-CD - Decided July 14, 2000**

Defendant Robert Eugene Finchum, Jr., pled guilty to one count of simple possession of LSD, one count of simple possession of marijuana, one count of possession of untaxed whiskey, and one count of possession of drug paraphernalia.  Pursuant to a negotiated plea agreement, Defendant received a total effective sentence of eleven months and twenty-nine days with 30% minimum service prior to eligibility for work release, furlough, trusty status, and rehabilitative programs.  Following a hearing, the trial court denied Defendant's request for probation.  Defendant contends that the trial court erred when it failed to impose an alternative sentence.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WOODALL, J. delivered the opinion of the court, in which WILLIAMS,  J. and GLENN, J. joined.

Paul G. Whetstone, Morristown, Tennessee, for the appellant, Robert Eugene Finchum, Jr.

Paul G. Summers, Attorney General and Reporter, PatriciaC. Kussman, Assistant Attorney General, C. Berkeley Bell, Jr., District Attorney General, and John Douglas Godbee, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

During the plea hearing, Defendant stipulated that when law enforcement officers executed a search warrant for his residence, they found 3.6 grams of marijuana, two squares of LSD, 4.1 liters of untaxed whiskey, some scales, and some rolling papers.

During the sentencing hearing, Ann Roberts testified that Defendant had earned her respect for the way that he had treated her and her family during the thirteen years she had known him. Roberts had never known Defendant to do anything violent or dishonest.  Roberts' opinion was not altered by the fact that Defendant would smoke marijuana after work, "as long as he is doing it in the privacy of his own home."

Defendant testified that he liked to smoke marijuana and he generally smoked marijuana in the afternoon after he returned home from work. Defendant had been smoking marijuana on nights and weekends for a number of years and he did not think that he had harmed anybody by doing so. Defendant had not observed any adverse affects to his health as a result of smoking marijuana.

Defendant testified that while he was at a party the previous year, he purchased three hits of LSD and he consumed two of the hits and took the other one home where it was found by the authorities. Defendant testified that the other hit of LSD that was found by the authorities was left over from a purchase he made two years ago in a New Orleans bar.

Defendant testified that if he was granted probation in this case, he would have to stop using drugs. Defendant testified that rather than simply resuming drug use after probation was over, "It will make me reconsider that it's probably not worth it."

Defendant testified on cross-examination that approximately ten years prior to this case, he had been convicted of similar charges and he had received probation. When asked what he had learned as a result, Defendant replied, "It caused me to quit carrying anything in my vehicle."

Defendant testified that he had smoked marijuana after he was charged with the offenses in this case.

After listening to the testimony and the arguments of counsel, the trial court noted that Defendant had accepted responsibility for committing the offenses in this case. However, the court found that Defendant had made a conscious decision to continue using drugs even after his previous convictions and therefore, probation was not appropriate.

## ANALYSIS

Defendant contends that the trial court erred when it failed to impose an alternative sentence in this case. We disagree.

### A.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider: (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement

made by the defendant regarding sentencing; and (7) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997 & Supp. 1999).

When determining suitability for alternative sentencing, the sentencing court considers the following factors: (1) whether confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) whether confinement is necessary to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; (4) whether measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; and (5) whether the defendant has poor potential for rehabilitation. See Tenn. Code Ann. § 40-35-103(1) (1997); State v. Housewright, 982 S.W.2d 354, 356–57 (Tenn. Crim. App. 1997).

**B.**

We conclude that the trial court properly denied alternative sentencing in this case based on Defendant's poor potential for rehabilitation and his continuing disrespect for the laws of this state.

The record indicates that approximately ten years before this case, Defendant was convicted of similar charges. When Defendant was asked what he had learned as a result of the previous drug charges, his only response was that, "It caused me to quit carrying anything in my vehicle." Indeed, it appears that Defendant's previous experience with the judicial system did nothing to change his behavior as he expressly admitted during the sentencing hearing that he had been smoking marijuana on nights and weekends for a number of years.

Defendant testified that he could see no way in which his drug use harmed him or anyone else. When Defendant was asked whether he would resume using drugs after completing probation if it was granted in this case, he merely responded that, "It will make me reconsider that it's probably not worth it." Significantly, Defendant expressly admitted that he had smoked marijuana after he was charged with the offenses in this case.

It is apparent from the above evidence that Defendant has poor potential for rehabilitation and he is likely to reoffend if he receives a sentence that does not involve confinement. Moreover, Tennessee Code Annotated section 40-35-102 provides that sentences of confinement are appropriate for offenders who have "criminal histories envincing a clear disregard for the laws and morals of society." Tenn. Code Ann. § 40-35-102(5) (1997). Defendant has clearly indicated by his continuing drug use over a number of years that he has no regard whatsoever for the drug laws of this state.

**CONCLUSION**

In light of Defendant's poor potential for rehabilitation and his continuing disrespect for the law, we hold that the trial court properly denied alternative sentencing in this case. A sentence of

confinement of eleven months and twenty-nine days with 30% release eligibility is entirely reasonable. Accordingly, the judgment of the trial court is AFFIRMED.