IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 7, 2002

## STATE OF TENNESSEE v. GEORGE W. LUCAS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-02992     James C. Beasley, Jr., Judge**

---

**No. W2001-02600-CCA-R3-CD - Filed July 12, 2002**

---

The defendant pled guilty to the offense of carjacking and was sentenced to 7.2 years in the Tennessee Department of Correction. In this appeal he claims that he was improperly denied probation because the trial judge mistakenly held that individuals convicted of carjacking were statutorily ineligible for probation. We hold that the legislature has allowed individuals convicted of carjacking and sentenced to eight (8) years or less to remain eligible for probation. Moreover, the trial judge also erred in determining that the use of a weapon in a carjacking was, standing alone, sufficient reason to deny the defendant probation. We therefore reverse the judgment of the trial court and remand for re-sentencing in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Tony N. Brayton, Assistant Public Defender, Memphis, Tennessee, for appellant, George Lucas.

Paul G. Summers, Attorney General & Reporter, P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Goodman, Assistant District Attorney General for appellee, State of Tennessee.

**OPINION**

**Factual Background**

Although there is some dispute as to whether the defendant used a gun to accomplish the crimes there is no dispute that he and a co-defendant stole a car from an individual named Marcillo Anderson. The defendant claimed they did so in order to facilitate the repayment of a debt Anderson owed the defendant. This money had been loaned to Anderson for the purchase of marijuana.

At the sentencing hearing the defendant claimed that he was not armed during the carjacking and that he was unaware that his co-defendant had a sawed-off shotgun in his possession. He also testified that he is a 30-year-old high school graduate who had received certification from a technical college in the areas of carpentry, plumbing and floor work. The proof also showed that if he received probation, the defendant had a job waiting on him with Economy Remodeling and Construction.

## Trial Court Ruling

In denying probation the trial court stated the following:

It defies logic to me. And I fail to see that that was the intent of the legislature, that we're going to increase the punishment, where we're going to make armed robbery of a car probatable, armed robbery of a , you know, of a screw driver, you can't get probation, armed robbery of a car, you can. I don't believe that was their intent.

I believe they were increasing punishment, specifically addressing stealing a car, because it is a problem that the legislature thought needed to be addressed specifically. And I do not feel that was their intent that this should be a probatable sentence.

I don't think that he's eligible under the law. But even if I'm wrong, under the law, I don't think that he's eligible for probation. Because I think by using a deadly weapon to rob another individual of a car is just a sentence that you should not get probation. I don't think that he's a proper candidate for probation because of the very facts and circumstances of the crime.

And for those reasons, I'm going to deny the petition.

## Probation Eligibility

Eligibility for probation is generally governed by Tennessee Code Annotated section 40-35-303(a), which provides:

A defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is eight (8) years or less; provided, that a defendant shall not be eligible for probation under the provisions of this chapter if the defendant is convicted of a violation of § 39-17-417(b) or (i), § 39-13-304, § 39-13-402, § 39-15-402 or § 39-13-504. A defendant shall also be eligible for probation pursuant § 40-36-106(e)(3).

Tenn. Code Ann. § 40-35-303(a).

Thus, criminal defendants who receive sentences of eight (8) years are eligible for probation consideration unless the crimes for which they are convicted are ones for which the legislature has removed probation as a possible sentence. For example, it is apparent from the above that violators of the aggravated robbery statute, Tennessee Code Annotated section 39-13-402, are not eligible for probation regardless of the actual sentence imposed. However, it is equally apparent that violators of the carjacking statute, Tennessee Code Annotated section 39-13-404, are not excluded from probation consideration if they receive sentences of eight (8) years or less. When one compares the aggravated robbery statute to the carjacking statute, one can appreciate the trial judge's conclusion that the legislature's allowing carjackers probation eligibility "defies logic."

"Aggravated robbery" is defined as:
(a) . . . robbery[1] as defined in § 39-13-401:

(1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or
(2) Where the victim suffers serious bodily injury.
(b) Aggravated robbery is a Class B felony.

Tenn. Code Ann. § 39-13-402.

"Carjacking" is defined as:

(a) . . . the intentional or knowing taking of a motor vehicle from the possession of another by use of:

(1) A deadly weapon; or
(2) Force or intimidation.
(b) Carjacking is a Class B felony.

Tenn. Code Ann. § 39-13-404.

It thus appears that however illogical it may be, the general assembly has mandated that an individual convicted of aggravated robbery for stealing one dollar at gun point is not eligible for probation regardless of the sentence actually imposed, while an individual convicted of stealing a motor vehicle at gun point is eligible for probation if that individual receives an actual sentence of eight (8) years or less. Where a statute is plain and unambiguous on its face the legislative intent must be derived from the natural and ordinary language used. Jordan v. Baptist Three Rivers Hosp., 984 S.W.2d 593 (Tenn. 1999); Mandela v. Campbell, 978 S.W.2d 531 (Tenn. 1998). Here, the

---

[1](a) Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear. Tenn. Code Ann. § 39-13-401(a).
(b) Robbery is a Class C felony. Tenn. Code Ann. § 39-13-401.

legislature in clear and unambiguous terms expressed its intent that certain criminal offenders be excluded from probation consideration; carjackers who receive sentences of eight (8) years or less are not among those excluded.

Therefore, the trial judge erred in concluding that the defendant in this case was not eligible for probation.

### **Probation Suitability**

The State in the instant case makes no argument that the trial judge was correct in his determination that carjackers are excluded from probation eligibility. Instead, the State argues simply that the facts and circumstances of the instant case warrant the decision to deny probation. Here the facts and circumstances relied upon by the trial court were that the defendant used a weapon to accomplish the carjacking. However, where the legislature has provided that violent offenders of certain statutes are eligible for probation, the fact that the offense was committed as defined is not a sufficient reason to deny probation. State v. Housewright, 982 S.W.2d 354, 358 (Tenn. Crim. App. 1997). Rather, to deny probation based on the facts and circumstances of the crimes as committed, those facts and circumstances must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring probation. Id.; State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995).

The State has not pointed to any factor that renders the carjacking in this case anymore exaggerated, horrifying or reprehensible than any other carjacking.

### **Conclusion**

In light of the fact that the trial court erroneously believed the defendant to be ineligible for probation consideration, we reverse the instant case and remand for reconsideration of the petition for probation in accordance with the principles set forth in this opinion.

_____
JERRY L. SMITH, JUDGE