# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
October 8, 2013 Session

## STATE OF TENNESSEE v. CHARLES MATTHEW GARRETT

**Appeal from the Circuit Court for Montgomery County**
**No. 41100166     John H. Gasaway, III, Judge**

**No. M2013-00869-CCA-R3-CD     Filed November 1, 2013**

Appellant, Charles Matthew Garrett, entered a guilty plea without a recommended sentence to robbery, for which the trial court imposed a four-year sentence to be served in the Tennessee Department of Correction. He appeals the manner of service of this sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Roger Eric Nell, District Public Defender; and Charles Bloodworth, Assistant District Public Defender, for appellant, Charles Matthew Garrett.

Robert E. Cooper, Attorney General and Reporter; Tracy L. Bradshaw, Assistant District Attorney General; John Wesley Carney, Jr., District Attorney General; and Timothy Peters, Assistant District Attorney General, for appellee, State of Tennessee.

## OPINION

### I. Facts

#### A. Facts from Guilty Plea Submission Hearing

The record reflects that the offense date for the robbery count was September 6, 2010. The facts underlying appellant's conviction were set forth by the State at the September 8, 2011 guilty plea submission hearing as follows:

[T]he defendant is charged with robbery. Sometimes we use the expression ["]strong[-]armed["] or ["]unarmed["] robbery[,] but it's robbery. If that case were presented to trial by a jury[,] the State would present evidence both from the Defendant's own admission, testimony [from] the store clerk[,] and a video that on the sixth of September[,] he walked into the Kangaroo Express convenience store, pretended to make a purchase, waited for the cashier register draw[er] to open, grabbed $100[,] and ran out the door.

Following the plea colloquy, appellant pleaded guilty without a recommended sentence to robbery as charged in the indictment.[1]

## B. Facts from Sentencing Hearing

At the March 12, 2013 sentencing hearing, appellant testified on his own behalf. He explained that when he committed the robbery, he had taken "a bunch of Valiums" and had consumed "a little bit of whiskey." He said that he entered the store and removed money from the cash register drawer without touching anyone. He stated that he realized he had done something wrong. He was arrested and was later released from jail.

Appellant recalled that upon his release from jail in 2010, he resided at the Downtown Rescue Mission, which was a drug treatment program in Huntsville, Alabama. During the course of his treatment, appellant was subjected to drug tests approximately every two weeks, which he passed. He completed stage one of the program in May 2011, but after advancing to stage two, he left the program to obtain employment and register for classes at a vocational college.

Appellant acknowledged that he was aware that he was required to return to Tennessee for sentencing on the robbery conviction. He claimed to have telephoned his attorney's office in November 2011 and left a message stating that could not appear at the hearing because his vehicle was in disrepair, and he had no money to pay for repairs. He was subsequently arrested in Huntsville for theft of property and was incarcerated from March 19, 2012, through January 14, 2013. The State of Alabama dismissed the charge "in the interest of justice," and appellant was returned to Tennessee on January 17, 2013, pursuant to the detainer lodged against him. He had been incarcerated until the sentencing hearing.

---

[1] In unrelated cases, appellant was also charged with possession of drug paraphernalia and three counts of misdemeanor theft. He entered guilty pleas to those counts at the same plea submission hearing as the instant case, and sentencing was deferred on those counts, as well. He does not challenge the sentences imposed in those cases, nor does he contest the manner of service of those sentences.

On cross-examination, appellant acknowledged that the reason he was allowed to participate in the program in Alabama was because he had a serious drug problem. However, he admitted he left the program after six months. He further agreed that he failed to appear in court in November 2011, January 2012, and February 2012. Appellant admitted to several past convictions and at least one probation violation but claimed that all of his trouble was due to a drug addiction. He stated that even without further rehabilitation, he believed he could be productive. He said he left the Alabama program because he knew what to do, but he needed some time to get his "mind correct." When he left the program, he obtained three jobs and enrolled in a vocational college. He acknowledged that he subsequently reverted to using drugs.

The presentence reports from October 2011 and February 2013 were admitted into evidence, as well as appellant's urinalysis results and progress reports from the Downtown Rescue Mission in Alabama.

In passing sentence, the trial court first noted appellant's criminal history, which began when he was nineteen years old. Appellant received diversion on convictions for possession of drug paraphernalia, possession of marijuana, and theft. He subsequently garnered convictions for assault, possession of marijuana (both misdemeanor and felony), felony theft, traffic violations, forgeries, passing worthless checks, and "more theft, more assaults." The trial court noted that the convictions continued until appellant was twenty-seven years old, then ceased for some time. The court further reviewed appellant's history of attempts to complete probation and noted that he had completed some probationary sentences, but not all of them, and that he had committed some of the criminal offenses while on probation or "some release status." Based upon appellant's criminal history, the trial court found enhancement factor (1), that appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1).

The trial court opined that appellant's convictions in the instant case were all probatable but concluded that appellant would not be rehabilitated if the sentence were suspended. Thus, the trial court ordered that appellant serve his four-year sentence in confinement.

## II. Analysis

We begin with the proposition that a defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* Tenn. Code Ann. § 40-35-303(a). An especially mitigated or standard offender convicted of a Class C, D, or E felony is considered to be a favorable candidate for alternative sentencing in absence of evidence to

the contrary. *See* Tenn. Code Ann. § 40-35-102(6). "A court shall consider, but is not bound by, this advisory sentencing guideline." *Id.* The trial court must automatically consider probation as an alternative sentence for eligible defendants, but the defendant bears "the burden of establishing suitability for probation." Tenn. Code Ann. § 40-35-303(b). This burden includes demonstrating that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A trial court should base its decision regarding any sentence involving confinement on the following considerations:

(A)   Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)   Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)   Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). Furthermore, the trial court should examine the defendant's potential for rehabilitation or lack thereof when determining whether an alternative sentence is appropriate. *Id.* § 40-35-103(5).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d. at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See Carter*, 254 S.W.3d at 346. The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In this case, the trial court properly enhanced appellant's sentence from the minimum sentence of three years to four years, and appellant does not dispute this. Moreover, in denying an alternative sentence, the trial court implicitly found that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant," citing appellant's failed attempt to complete a probationary sentence and his commission of new criminal offenses while on probation or other release from confinement. Tenn. Code Ann. § 40-35-103(1). The record reflects that appellant frequently reverted to using drugs, even after completion of the first stage of the Downtown Rescue Mission's rehabilitation program. Accordingly, the trial court properly expressed concern about appellant's potential for rehabilitation in the absence of a sentence involving confinement. *Id.* § 40-35-103(5). From the record before us, we conclude that the trial court did not abuse its discretion in denying appellant any form of alternative sentencing.

## CONCLUSION

Based on our review of the record, the briefs of the parties, arguments of counsel, and relevant legal authorities, we discern no error and affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE