# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1997

FILED

December 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9705-CR-00195 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SULLIVAN COUNTY |
| VS. | ) | |
| | ) | HON. R. JERRY BECK |
| BRADLEY JOE | ) | JUDGE |
| HOUSEWRIGHT, | ) | |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SULLIVAN COUNTY

FOR THE APPELLANT:

RICHARD SPIVEY
142 Cherokee Street
Kingsport, TN 37660

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SANDY C. PATRICK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

GREELEY WELLS
District Attorney General

ROBERT MONTGOMERY
Assistant District Attorney General
Sullivan County Justice Center
Blountville, TN 37617

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant, Bradley Joe Housewright, pleaded nolo contendere to five counts of assault, Class A misdemeanors, and one count of vehicular homicide, a Class B felony. Pursuant to a plea agreement, he was sentenced to eleven months and twenty-nine days for each assault conviction and eight years for the vehicular homicide conviction. The sentences were ordered to be served concurrently. The trial court considered and denied alternative sentencing and ordered the Defendant to serve his sentences in the Department of Correction. The Defendant raises three intertwined issues in this appeal: (1) That the trial court erred by denying the Defendant's request for alternative sentencing; (2) that the trial court erred by rejecting the proposition that the fact a death occurred is not a proper factor to consider in deciding alternative sentencing; and (3) that the court erred by applying the exceptional circumstances rule in denying alternative sentencing. We affirm the judgment of the trial court.

The record reflects that at approximately 10:00 p.m. on July 8, 1995, the Defendant was at the home of a friend. The home belonged to the brother of the victim of the vehicular homicide, Christopher Collins. Collins was a lifelong friend of the Defendant. Collins met the Defendant at this house at approximately 9:45 p.m. The Defendant had consumed at least five beers in four hours. The Defendant decided to go to a store less than a mile away to get some more beer.

Collins accompanied the Defendant in a 1981 Toyota automobile.   Collins had also been drinking.

After buying the beer, the Defendant and Collins headed back to the house traveling west on Bloomingdale Pike in Sullivan County at approximately 45 to 50 miles per hour.  A Chevrolet Blazer was traveling east on Bloomingdale Pike, being driven by Chad Ball and containing four passengers.  Some persons in the Blazer saw the Defendant's vehicle approaching and stated that the headlights went off just before the collision.  The Defendant turned left onto Brooklawn in front of the Blazer and the Blazer struck his vehicle.  The Blazer overturned and three passengers in the back seat were thrown from the vehicle.  Collins was pinned in the Defendant's vehicle and  was unconscious when the police arrived. He was pronounced dead at the Holston Valley Community Hospital.  The other victims were injured, but none seriously.

The Defendant's blood alcohol registered .15% and Collins' was .02%. The Defendant was indicted for one count of vehicular homicide involving intoxication and five counts of aggravated assault.  Tenn. Code Ann. §§ 55-10-401; 39-13-213(a)(2); 39-13-102(a)(2)(A).  On December 13, 1996 and pursuant to a negotiated plea agreement, the Defendant pleaded nolo contendere to five counts of simple assault, Tennessee Code Annotated section 39-13-101, and one count of vehicular homicide.  For the vehicular homicide, the Defendant was sentenced as a Range I, Standard Offender to eight years, the minimum sentence in the range for a Class B felony.  Tenn. Code Ann. §§ 39-13-213(b). The Defendant moved for alternative sentencing and a hearing was conducted on January 24, 1997.  In an order containing lengthy findings of fact and legal

analysis, the trial court denied the Defendant's motion. It is from this denial that the Defendant now appeals.

While we recognize the Defendant has presented his appeal in terms of three issues, because of their interrelatedness, we will address them as components of the primary issue of whether the trial court erred in failing to grant alternative sentencing. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and

that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In 1995, the legislature amended the law regarding the offense of vehicular homicide and specified that "[v]ehicular homicide is a Class C felony, unless it is the proximate result of driver intoxication as set forth in subdivision (a)(2), in which case it is a Class B felony."  Tenn. Code Ann. § 39-13-213(b)(1997).  The Defendant was convicted of vehicular homicide pursuant to the intoxication provision and thus, was subject to the sentence range for a Class B felony.  The sentencing range for a standard offender for a Class B felony is eight (8) to twelve (12) years.  Tenn. Code Ann. § 40-35-101.

Because vehicular homicide by intoxication is a Class B felony, there is no presumption that the Defendant is a suitable candidate for alternative sentencing options as afforded those convicted of a Class C, D, or E felony.  Tenn. Code Ann. § 40-35-102(6). However, probation must be automatically considered by the trial court as a sentencing alternative for eligible defendants.  Tenn. Code Ann. § 40-35-303(b).  "A defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is eight (8) years or less."  Tenn. Code Ann. § 40-35-303(a).  Furthermore, the burden of establishing suitability for probation rests with the Defendant. Tenn. Code Ann. § 40-35-303(b).  Guidance in determining what factors are to be considered concerning alternative sentences may be found in Tennessee Code Annotated section 40-35-103(1), which states:

Sentences involving confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See Ashby, 823 S.W.2d at 169. A court may also apply the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Finally, the potential or lack of potential for rehabilitation of a defendant should be considered in determining whether he should be granted an alternative sentence. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

For a denial to occur based on the circumstances of the offense "as committed, [they] must be 'especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring probation." State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981); State v. Cleavor, 691 S.W.2d 541, 543 (Tenn. 1985). This principle has been codified in section 40-35-103(1)(B) which considers confinement to avoid depreciating the seriousness of the offense. State v. Hartley, 818 S.W.2d 370, 375 (Tenn. Crim. App. 1991); see also State v. Fletcher, 805 S.W.2d 785, 787 (Tenn. Crim. App. 1991). Sentencing decisions should not, however, turn on a generalization of the crime committed, such as the

fact that a death occurred. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995); but see State v. Ramsey, 903 S.W.2d 709, 714 (Tenn. Crim. App. 1995).

When a defendant is not afforded the presumption of suitability for alternative sentencing, the defendant bears the burden solely to establish that it would "subserve the ends of justice and the best interest of both the public and the defendant." Bingham, 910 S.W.2d at 456 (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990). In the case at bar, the trial court determined that alternative sentencing for the Defendant would not serve the ends of justice. The presentence report indicates that at the time of the hearing concerning the manner of service of the sentence, the Defendant was twenty-three years old, single, and lived with his mother. He had no prior offenses as a juvenile or an adult. He graduated from high school in 1992, attended a truck driving school afterwards, and has been steadily employed. He admitted to a history of alcohol and marijuana use. The victim's mother submitted a statement that she was not opposed to probation for the Defendant.

The Defendant testified at the hearing in addition to the aforementioned facts, that he was a close friend of the victim. The Defendant had difficulty sleeping after the accident and cried at night. He testified that he made a big mistake and that he was willing to pay his debt to society. The Defendant also admitted that he had continued to drink alcohol after the accident. He agreed that he was feeling the effects of alcohol when he decided to drive the night of the incident.

The trial court denied alternative sentencing and documented its reasoning in extensive findings. In general terms, the trial judge found that the unfavorable factors considered weighed against the Defendant's proof that he was a suitable candidate for alternative sentencing. The court considered the facts that (1) the Defendant turned off the vehicle's headlights; (2) the danger to the passengers in the other vehicle who were thrown onto the roadway; (3) that victims other than the Defendant were injured; and (4) that the Defendant's blood alcohol level of .15% was well over the legal limit. The trial judge considered the circumstances to be reprehensible, excessive and to an exaggerated degree such that probation was not warranted. Because the Defendant was afforded no presumption that he was a suitable candidate for alternative sentencing, the trial judge was vested with a considerable degree of discretion within the sentencing guidelines to determine the manner of service of the sentence. We cannot conclude that the trial judge erred or abused his discretion by denying an alternative to incarceration.

However, the Defendant also contends that the trial court erred by rejecting the proposition that the fact that a death occurred cannot alone support the denial of alternative sentencing. Specifically, a panel of this Court has held that the trial court may not consider factors which constitute elements of the offense in question. See State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995). Thus, the fact that a death occurred alone cannot support denial of probation in a case where death is a general element of the offense. Id. This Court recognizes the grave nature of crimes that involve the death of another person. However, we also readily acknowledge that we are governed by laws enacted by the legislature. The legislature has provided that a person sentenced to eight (8)

years or less is eligible for probation and other sentencing options, even if convicted for an offense involving the death of another person.

Apparently, the legislature has considered the nature of the offense of vehicular homicide and determined that the proper grade of the offense is a Class C felony in cases of recklessness and a Class B felony in cases where intoxication is involved. Tenn. Code Ann. § 39-13-213(b). The legislature has also specified that persons convicted of Class C felonies are presumed favorable candidates for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). Therefore, even in a case involving a death, a defendant may receive alternative sentencing, including probation. Here, because the Defendant was convicted by way of intoxication, he is a Class B felon who does not possess the presumption but neither is he precluded from receiving probation or other sentencing alternatives solely because a death occurred. See Tenn. Code Ann. § 40-35-303(a). The trial court must consider his suitability for probation but the burden of proof remains solely upon the Defendant.

In conjunction with this, the trial court also concluded that in cases where a death occurred, a defendant must demonstrate exceptional circumstances to establish his or her suitability for alternative sentencing. He based his reasoning on cases decided under prior sentencing law, see State v. Smith, 662 S.W.2d 588, 590 (Tenn. 1983); Kilgore v. State, 588 S.W.2d 567, 568 (Tenn. Crim. App. 1979), that applied a rule that exceptional circumstances must be demonstrated to warrant probation in a case involving the death of another person. Again, we recognize the tragic and senseless losses involved in cases of vehicular homicide. However, there is nothing in the 1989 Sentencing Act that provides for

the application of an exceptional circumstances doctrine and we must conclude that any such doctrine did not survive in our present Code. See State v. Michael D. Frazier, C.C.A. No. 0C01-9602-CR-00084, Knox County (Tenn. Crim. App., Knoxville, June 4, 1997); State v. McKinzie Monroe Black, C.C.A. No. 01C01-9401-CC-00006, Robertson County (Tenn. Crim. App., Nashville, July 14, 1995); but see State v. Ramsey, 903 S.W.2d 709, 714 (Tenn. Crim. App. 1995). The burden remains upon the Defendant to prove his suitability for alternative sentencing but we do not believe that our law mandates an enhanced burden to prove exceptional circumstances when a death occurs. Therefore, we believe that the trial court erred in applying this rule to the case at bar.

Nevertheless, we cannot conclude that the trial judge abused his discretion in refusing to grant an alternative sentence. The Defendant presented proof regarding his appropriateness for probation. The victim's mother was also in favor of an alternative sentence. Yet, there is evidence in the record that the accident was violent, reprehensible and offensive. Multiple victims were involved and three of those persons were thrown from their vehicle. The trial court determined that the circumstances of the offense outweighed the positive factors submitted by the Defendant such that granting an alternative sentence would not serve the ends of justice. There being no presumption for alternative sentencing because the Defendant was convicted of a Class B felony, the trial judge was warranted in using his discretion to determine the appropriate manner of service of the sentence. Clearly, he was concerned with depreciating the seriousness of the offense and the record supports this finding.

Therefore, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE