IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2015

**STATE OF TENNESSEE V. GREGORY LEE BRAY**

**Appeal from the Circuit Court for Hardeman County**
**Nos. CC-14-CR-2, CC-14-CR-18B     J. Weber McCraw, Judge**

_____

**No. W2014-01914-CCA-R3-CD  -  Filed May 1, 2015**

_____

Defendant, Gregory Lee Bray, was indicted in two separate cases for delivering Schedule IV substances.  After pleading guilty in two separate cases to a total of two counts of delivery of a Schedule IV substance, Defendant was sentenced to an effective sentence of twenty years.  Defendant appeals, challenging the trial court's imposition of consecutive sentences and denial of an alternative sentence.  After a review, we determine there is no evidence that the trial court abused its discretion in sentencing Defendant to an effective sentence of twenty years or that the trial court improperly denied alternative sentencing.  Consequently, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Shana Johnson, Somerville, Tennessee, for the appellant, Gregory Lee Bray.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Michael Dunavant, District Attorney General; Joe VanDyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

This is a direct appeal by Defendant of the sentence imposed by the trial court in the Circuit Court of Hardeman County.  On January 6, 2014, Defendant was indicted in case number CC-14-CR-2 by the Hardeman County Grand Jury with one count of

delivery of Clonazepam, a Schedule IV controlled substance. On the same day, Defendant was also indicted in case number CC-14-CR-18B by the Hardeman County Grand Jury with one count of delivering Alprazolam, a Schedule IV controlled substance.

In August of 2014, Defendant pled guilty to the offenses as charged in both cases, specifically reserving the right to appeal the sentence. After a sentencing hearing, the trial court sentenced Defendant as a Range III, Persistent Offender to ten years in incarceration for each offense. After noting that Defendant's criminal history spanned nearly thirty-five years, the trial court ordered the sentences to be served consecutively on the basis that Defendant was "an offender whose record of criminal activity is extensive" and is a "professional criminal who has knowingly devoted his life to criminal acts." Additionally, the trial court denied alternative sentencing.

Defendant filed separate notices of appeal in each case. The trial court consolidated the cases for the purposes of appeal.

*Analysis*

On appeal, Defendant challenges the trial court's decision to order the sentences to run consecutive to each other as well as the denial of an alternative sentence. Specifically, Defendant complains that the trial court "based its decision to impose consecutive sentences and to deny probation or community corrections solely on [Defendant's] criminal record." The State counters that Defendant's "extensive criminal history" provided a "proper basis for the trial court to impose consecutive sentences and deny alternative sentencing."

*Consecutive Sentences*

When a defendant challenges the length, range, or manner of service of a sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707.

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Only one of these criteria needs to exist in order to support the imposition of consecutive sentencing. *State v. Pollard*, 432 S.W.3d 851, 859-62 (Tenn. 2013).

Our supreme court has recently held that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations . . . . if [the trial court] has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)[.]" *Id.* at 860, 862. Thus, the imposition of consecutive sentencing is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed[.]" T.C.A. § 40-35-103(2) & (4). Further, "[s]o long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Pollard*, 432 S.W.3d at 862 (citing Tenn. R. Crim. P. 32(c)(1) ("The order [for consecutive sentences] shall specify the reasons for this decision and is reviewable on appeal.")); *see also Bise*, 380 S.W.3d at 705.

In the case herein, the trial court found Tennessee Code Annotated section 40-35-115(b)(2) applied: that Defendant is "an offender whose record of criminal activity is extensive." The proof from the sentencing hearing and the presentence report support this finding. The trial court also noted that it appeared that Defendant was "a professional criminal who has knowingly devoted his life to criminal acts." T.C.A. § 40-35-115(b)(1).

Defendant did not challenge his classification as a Range III, persistent offender with thirteen prior felony convictions in the state of Tennessee alone. In addition, Defendant had at least twelve convictions from two other states and at least eighteen other misdemeanor convictions on his presentence report, spanning nearly twenty pages. It is clear from the record before us that Defendant has an extensive record of criminal activity. Accordingly, we conclude that the trial court did not abuse its discretion in imposing consecutive sentences.

*Alternative Sentencing*

Defendant also complains about the trial court's refusal to grant an alternative to incarceration due to his health concerns[1] and because there was no proof before the trial court that he had violated probation in the past or that he was on an alternative sentence at the time he committed the crimes herein. The State disagrees.

Tennessee Code Annotated section 40-35-104 authorizes alternative sentences, which may include a sentence of confinement that is suspended upon a term of probation or a sentence of continuous or periodic confinement in conjunction with a term of probation. T.C.A. § 40-35-104(c)(3)-(5). A defendant is eligible for probation if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options," if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guidelines regarding favorable candidates are advisory. T.C.A. §

---

[1]According to Defendant's presentence report, he suffers from COPD, congestive heart failure, coronary heart disease, high blood pressure, high cholesterol, diabetes, arthritis, fractures of the lower back, and a torn ACL in both knees. He also requires an oxygen tank and is on a heart transplant list.

40–35–102(6)(D). In this case, Defendant was convicted of two Class D felonies and was sentenced to an effective sentence of ten years for each conviction. However, Defendant was not categorized as an especially mitigated or standard offender. Therefore, he was not a favorable candidate for alternative sentencing.

Tennessee Code Annotated section 40-35-103 requires that sentences involving confinement be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

T.C.A. § 40-35-103(1).

The trial court in this case relied on subsections (A) and (C) of Tennessee Code Annotated section 40-35-103(1). In ordering Defendant to serve his sentence in incarceration, the trial court specifically noted Defendant's lengthy criminal history in addition to the case at issue and the fact that there "have been less restrictive measures, other than confinement" applied to Defendant and concluded "there appears to be risk that during any probation he will continue to commit another crime." Defendant argues that there is no proof in the record that he had ever violated probation. The presentence report, however, reveals that Defendant's parole was revoked in Shelby County in 1993 and that Defendant continued his life of crime almost continually from the age of nineteen to the age of fifty-three, his age at the time of sentencing. The trial court herein acted consistently with the purposes and principles of the Sentencing Act. We conclude that the trial court did not abuse its discretion in denying alternative sentencing. Defendant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE