IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2024

**STATE OF TENNESSEE v. JAMES LEE SIMMONS, JR.**

**Appeal from the Circuit Court for Madison County**
**No. 23-423B     Joseph T. Howell, Judge**

_____

**No. W2024-00404-CCA-R3-CD**

_____

James Lee Simmons, Jr., Defendant, pleaded guilty to possession of 0.5 grams or more of methamphetamine with intent to sell, possession of drug paraphernalia, violation of the registration law, and resisting arrest. Pursuant to a plea agreement, the manner of service of Defendant's nine-year sentence was to be determined by the trial court. Following a sentencing hearing, the court ordered the sentence to be served in confinement. Defendant appeals arguing that the trial court erred in denying him probation. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JILL BARTEE AYERS, J., joined.

Lloyd R. Tatum, (on appeal), Henderson, Tennessee; and Kortney D. Simmons (at plea and sentencing), Jackson, Tennessee, for the appellant, James Lee Simmons, Jr.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Michelle R. Pugh, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History*

In November 2022, Jackson Police Department Officer Daniel Vandiver attempted to stop Defendant's Nissan Altima, which was displaying an expired temporary tag. Defendant did not immediately stop and continued for approximately one-half mile before pulling over. After Defendant refused to consent to a search of his vehicle, a K9 unit was

called to the scene.  The dog alerted.  When the officer opened the trunk, Defendant fled on foot but was captured and arrested.  Following a search of the vehicle's trunk, officers found 1,583 ecstasy[1] pills, two pints of promethazine hydrochloride syrup (Phenergan), approximately 348.2 grams of marijuana, plastic bags, and scales.  Officers also found $6,100.00 when they searched Defendant.

The Madison County Grand Jury indicted Defendant for possession of 0.5 grams or more of methamphetamine with intent to sell (Count 1), possession of 0.5 grams or more of methamphetamine with intent to deliver (Count 2), possession of not less than one-half ounce of marijuana with intent to sell (Count 3), possession of not less than one-half ounce of marijuana with intent to deliver (Count 4), possession of drug paraphernalia (Count 5), operating a motor vehicle without the vehicle being registered (Count 6), resisting arrest (Count 7), and possession of cocaine (Count 8).[2]  The State filed a Notice of Request for Enhanced Punishment claiming Defendant was convicted in 2008 of Class B felony aggravated robbery and Class E felony burglary of a vehicle.  Pursuant to an agreement with the State, Defendant entered a plea of guilty to possession of 0.5 grams or more of methamphetamine with intent to sell, possession of drug paraphernalia, violation of the registration law, and resisting arrest in exchange for a nine-year sentence with the manner of service to be determined by the trial court following a sentencing hearing.

### Sentencing Hearing

At the sentencing hearing, the presentence report was admitted without objection as Exhibit 1.  The State presented no additional proof.  Defendant called two witnesses.

Niara Williams testified that she supervised Defendant at Empire Packing for one year and six months.  Ms. Williams described Defendant as a good worker and a leader.  She stated that Defendant had no disciplinary issues and had not failed any random drug screens.  Ms. Williams said that, after Defendant got off work at Empire Packing, he worked a second job at Zaxby's.

Jorica Bond, Defendant's mother, testified that Defendant was a hard worker.  She said that Defendant was a good father to his two children and regularly paid child support.  She said that Defendant's four-year-old son had passed away in 2021 and that Defendant had struggled with this loss and with his recent divorce but that he was doing better now.

### Presentence Report

---

[1] Ecstasy is a common name for the illegal synthetic drug 3, 4-methylenedioxymethamphetamine.

[2] Demarcus Deshan Love was also indicted in Counts 1, 2, 3, 4, and 5.

Defendant's presentence report revealed a criminal history that included 2008 convictions for burglary of an automobile, assault, vandalism, and aggravated robbery, for which Defendant was sentenced to eight years' incarceration in the Tennessee Department of Correction (TDOC), and a 2007 conviction for unlawful possession of a weapon. Defendant was born in 1988 and left high school in the tenth grade upon being sent to TDOC where he was incarcerated from 2009 until 2014. According to the TDOC Offender Management System, Defendant received multiple disciplinary violations while incarcerated, including: fighting, indecent exposure, possession of Security Threat Group (STG) related material, STG related acts, being out of place, being in an unauthorized location, possession/use of a cellular telephone, solicitation of staff, creating a disturbance, refusing a direct order, interfering with officer duties, sexual misconduct, tampering with security equipment, and assault.

Defendant completed a "Hi-set Diploma" in 2020 and is a certified forklift operator. Defendant is a confirmed member the "Crips STG 107 Hoover Faction" based on "self-admission," STG tattoos, consistent contact with gang members, and "STG disciplinaries." Defendant reported that he began using drugs around the age of 15 or 16 but quit in 2014. After the death of his son and his divorce, Defendant said that he started to drink and use drugs on occasion. He said that he had been "clean and sober" since his arrest in 2022. He said that he has an amicable relationship with his ex-wife and children and that he pays $950 per month in child support.

Defendant was working at Empire Packing making $24.00 per hour at the time of his arrest. After his shift at Empire Packing, he worked at Zaxby's making $14.00 per hour. His supervisor at Empire Packing stated that Defendant was "the best worker" and that he would have a job if granted probation. The Strong-R PSI Report showed a risk score of moderate, with high needs in mental health and moderate needs in family, education, and aggression.

### Trial Court's Findings

At the conclusion of the hearing, the trial court stated that it had reviewed the presentence report and noted that Defendant had admitted his affiliation with the Crips gang. The court characterized the facts as "just egregious," noting that the case "involved so many Ecstasy pills, syrup, marijuana, baggies, [a] scale, over $6,000 in cash." The court noted that Defendant fled on foot in an attempt to escape after his vehicle was stopped by law enforcement. The court also noted that Defendant had previous criminal convictions for aggravated robbery, auto burglary, assault, and vandalism in 2008, for which he was incarcerated in TDOC, and that while incarcerated, Defendant had multiple TDOC disciplinary problems and infractions. The court further noted that Defendant had a conviction for a weapons offense in 2007.

The trial court stated that it considered the testimony of Ms. Williams, Defendant's supervisor at Empire Packing, who testified that Defendant is a good worker, a leader, and a valuable asset to his employer and that he worked a second job at Zaxby's when he gets off from Empire Packing. The court stated that it also considered the testimony of Defendant's mother, who stated that Defendant was a good father and was paying child support.

Based on the presentence report and the proof presented at the sentencing hearing, the court ordered Defendant to serve his nine-year sentence as a Range I standard offender in TDOC.

Defendant filed an untimely notice of appeal with the Clerk of the Appellate Court on March 18, 2024.

*Analysis*

On appeal, Defendant claims that the trial court erred in denying him probation. The State argues that the appeal should be dismissed as untimely or, alternatively, that the trial court acted within its discretion in denying probation.

Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Rule 4(a) also provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional, and the timely filing of such document may be waived in the interest of justice." *Id*. According to Defendant's brief, "Notice of Entry of the Judgments was given to defense counsel on February 15, 2024," and "notice of entry of electronic filing was filed on February 16, 2024." Defendant filed his notice of appeal on March 18, 2024. Based on the length of Defendant's incarceration and the shortness of the four-day late-filed notice of appeal, we waive timely filing in the interest of justice even though counsel failed to seek a waiver from this court or explain the circumstances of his late filing in a reply brief after the State *specifically argued* that his notice of appeal was untimely. Such waiver is not automatic, and this court often dismisses an appeal because the notice of appeal was not timely filed, and appellate counsel did nothing to address counsel's failure to timely file. *See, e.g.*, *Wade v. State*, No. W2021-01419-CCA-R3-PC, 2022 WL 4115374, at *1 (Tenn. Crim. App. Sept. 9, 2022), *perm. app. denied* (Tenn. Jan. 12, 2023); *State v. Sexton*, No. E2009-00292-CCA-R3-CD, 2010 WL 3928654, at *2 (Tenn. Crim. App. Oct. 6, 2010), *no perm. app. filed.*

Defendant raises a single issue, claiming that the trial court erred by denying him probation. Defendant was eligible for probation because the sentence imposed was ten (10) years or less and because the offenses to which he pled guilty did not exclude him

- 4 -

from eligibility. *See* Tenn. Code Ann. § 40-35-303(a) (2022). Under the "advisory" sentencing guidelines, a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *Id*. § 40-35-102(6)(A) (2022). Under Tennessee Code Annotated section 40-35-103, the trial court should look to the following considerations to determine whether a sentence of confinement is appropriate:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2020).

Defendant has the burden of establishing that he is a suitable candidate for probation and "demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

In *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012), the supreme court explicitly held "that the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." Here, the record demonstrates that the trial court carefully considered the evidence presented at the sentencing hearing, including the presentence report and the testimony of the two witnesses. Accordingly, we will review the court's decision to deny probation for an abuse of discretion with a presumption of reasonableness.

The trial court properly determined that Defendant was not a suitable candidate for probation and that a sentence of confinement was appropriate based on the purposes and principles of sentencing. Defendant has numerous prior convictions, gang affiliation, a long history of drug use, and multiple disciplinary violations while he was incarcerated in TDOC. There was abundant evidence presented showing that Defendant was not a favorable candidate for probation or alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6)(A). One of the purposes of sentencing is to promote justice by restraining a

defendant who has "lengthy history of criminal conduct," like Defendant in this case. Tenn. Code Ann. § 40-35-102(3)(B). Criminal conduct includes more than criminal convictions. *State v. Bottoms*, 87 S.W.3d 95, 102 (Tenn. Crim. App. 2001) (stating that, for purposes of Code section 40-35-102(3)(B), criminal conduct "encompasses more than arrests resulting in convictions but includes criminal behavior in a generic sense that people of ordinary intelligence will understand"). Defendant's criminal conduct includes multiple disciplinary violations while incarcerated and a history of using illicit drugs. The record fully supports the trial court's finding that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." Tenn. Code Ann. § 40-35-103(1)(A).

## Conclusion

Defendant has failed to establish that the trial court abused its discretion in denying probation and ordering the sentence to be served in TDOC. The judgments of the trial court are affirmed.

_s/Robert L. Holloway, Jr._
ROBERT L. HOLLOWAY, JR., JUDGE