IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2025

## STATE OF TENNESSEE v. ALLEN FITZGERALD AILEY

**Appeal from the Criminal Court for Davidson County
Nos. 2024-A-524, 2024-A-525     Steve R. Dozier, Judge**

_____

### No. M2025-00025-CCA-R3-CD

_____

Defendant, Allen Fitzgerald Ailey, pleaded guilty in two cases to felon in possession of a weapon, possession with intent to sell or deliver .5 grams or more of cocaine, and possession with intent to sell or deliver oxycodone. Pursuant to the plea agreement, Defendant received concurrent four-year sentences for the drug offenses to be served consecutively to a sentence of six years for the weapon offense, with the manner of service of Defendant's sentences to be determined by the trial court. After a sentencing hearing, the trial court denied alternative sentencing and ordered Defendant to serve his entire ten-year sentence in confinement. Defendant argues on appeal that the trial court abused its discretion by denying probation. Finding no error, we affirm the judgments of the trial court. However, we remand for entry of judgments on the counts that were dismissed pursuant to the plea agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed;
Case Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Kevin Kelly, Nashville, Tennessee, for the appellant, Allen Fitzgerald Ailey.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Kendall Ponchillia, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was indicted in case number 2024-A-524 for one count of felon in possession of a weapon, possession of methamphetamine, possession of drug paraphernalia, and driving on a suspended license. A second indictment, in case number 2024-A-525, charged Defendant with possession with intent to sell or deliver .5 grams or more of methamphetamine, possession with intent to sell or deliver .5 grams or more of cocaine, and possession with intent to sell or deliver oxycodone. Defendant agreed to plead guilty to felon in possession of a weapon in exchange for a sentence of six years to be served at 85 percent release eligibility; possession with intent to sell or deliver .5 grams or more of cocaine in exchange for a sentence of four years to be served at 30 percent release eligibility; and possession with intent to sell or deliver oxycodone in exchange for a sentence of four years to be served at 30 percent release eligibility. The four-year sentences were to be served concurrently with each other but consecutive to the six-year sentence for a total effective sentence of ten years. The trial court would determine the manner of service of the sentences. The remaining charges were dismissed.[1]

At Defendant's guilty plea submission hearing, the State gave a factual basis for the pleas. The State relayed to the court that on December 13, 2022, at approximately 12:30 a.m., officers initiated a traffic stop of Defendant's vehicle, a blue Volkswagen Jetta, for having expired tags that were registered to another vehicle. Defendant stopped the vehicle and provided officers with his identification. A records check showed that Defendant did not have a valid driver's license and was a convicted felon. Officers smelled an odor of marijuana coming from inside the vehicle. Defendant admitted to having marijuana in the vehicle and showed officers "a small rolled blunt located in the center console." Officers saw a black bag in the center console that contained a butane lighter and a glass pipe with burn marks. Defendant exited the vehicle, and officers found two handguns and a holster on Defendant's person. Defendant told officers that he purchased the handguns to resell. Upon searching the vehicle, officers found a small clear plastic baggie containing .2 grams of what appeared to be crystal methamphetamine. Defendant told officers the substance was "ice."

On June 19, 2023, at approximately 7:00 p.m., officers located Defendant, who "was known to officers to have active warrants[,]" standing beside his vehicle in a parking lot. Officers took Defendant into custody and searched his person incident to arrest. Officers found a "bag of crack cocaine weighing 3.5 grams." Officers noticed an odor of marijuana, and Defendant said there was "weed and possibly meth" inside the vehicle. Officers searched Defendant's vehicle and found a hypodermic needle, a bag containing 21.3 grams

---

[1] Defendant was also charged in cases 2024-A-522, 2024-A-523, and 2024-A-553, but those charges were dismissed pursuant to the plea agreement. The record does not contain indictments or judgments in those cases.

of meth, "five bags of loose marijuana with different quantities weighing a total of 49.2 grams," and a bag containing 19 oxycodone pills.

At Defendant's sentencing hearing, the trial court admitted into evidence the presentence report, which showed numerous prior convictions spanning over thirty-six years. Defendant reported that he dropped out of high school in tenth grade due to drug and alcohol abuse. Defendant obtained his GED while incarcerated in 2010.

Defendant testified that he had received an acceptance letter for a six-month residential drug rehabilitation program at Restoration House. While incarcerated, Defendant successfully completed the Davidson County Sheriff's Office SAVE program. Defendant also obtained certificates of completion for programs dealing with substance abuse, life skills, commercial truck driving, and construction. Defendant had participated in drug treatment programs before, but he "never did anything longer than 28 days." Defendant expressed his desire to learn to deal with drug cravings and triggers. Defendant said he was "excited" about the opportunity to attend a six-month program because it would be the longest program to which he had ever committed. Defendant testified, "I'm up in age, you know, this has got to stop. It's got to stop. I've been praying for years and years that I can find a way to end it . . . before I die. Or end up . . . in prison for the rest of my life."

Defendant testified that "crack cocaine was [his] drug of choice." He explained, "when I first started using crack, a lot of my charges I got from stealing." He "came up with a brilliant idea" to sell drugs and use the money he made to purchase drugs for his own use. He had been selling drugs for approximately one year. Defendant testified that he bought the handguns "because they w[ere] cheap." He paid $200 for them, and he was going to sell them for $500. He said he "already had a buyer for them." Defendant said he did not "believe in carrying weapons" because "we got enough people carrying weapons already." He said he was "not a violent-type person[.]"

Defendant hoped to find a job in construction upon his release. He said he had four grown children who lived in Texas. Defendant was living "motel to motel" at the time of his arrest. He was hopeful that Restoration House would assist him in finding housing after he completed the program. He acknowledged that he was convicted of domestic assault in 2016. He also acknowledged that he was sentenced to probation for a drug offense in 2009, that he violated his probation twice, and that he had to serve his sentence in confinement. Defendant acknowledged that he was arrested in the present case on December 13, 2022, then released and arrested again on June 19, 2023, then released and arrested again on November 2, 2023, and then released and finally arrested again on November 11, 2023.

At the conclusion of the sentencing hearing, the trial court took the matter under advisement and subsequently issued a written sentencing order detailing its findings. In its order, the court observed that the length of Defendant's agreed-upon sentence is ten years; nevertheless, the court found the following enhancement factors applicable: 1) Defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; 2) Defendant failed to comply with the conditions of a sentence involving release into the community; and 3) Defendant was released on bail in case number 2024-A-525 at the time he committed the offenses in case number 2024-A-524. *See* T.C.A. § 40-35-114(1), (8), (13)(A). In mitigation, the court found the "catch-all" factor applicable because Defendant had completed several programs while in custody "and has suffered entrenched addiction issues." However, the court placed "no significant weight on this factor."

Regarding the manner of service of Defendant's sentence, the court found that confinement was necessary to protect society by restraining a defendant who has a long history of criminal conduct. *See* T.C.A. § 40-35-103(1)(A). Specifically, the court noted that Defendant had "amassed an extensive history of criminal conduct" over the past forty years. The court also found that confinement was necessary to avoid depreciating the seriousness of the offense, T.C.A. § 40-35-103(1)(B), noting that Defendant was in possession of two firearms and a significant quantity of drugs at the time of his arrest. The court emphasized "the inherent public danger where firearms and drugs intersect." Finally, the court found that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to Defendant. T.C.A. § 40-35-103(1)(C). The trial court ordered that Defendant serve his effective ten-year sentence in confinement. Defendant timely appealed the trial court's order.

### *Analysis*

On appeal, Defendant asserts that the trial court abused its discretion by ordering Defendant to serve his entire sentence incarcerated. The State responds that the trial court acted within its discretion in denying probation.

A trial court's sentencing decisions are reviewed for an abuse of discretion, with a presumption of reasonableness granted to within-range sentences that reflect a proper application of the purposes and principles of sentencing. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). An abuse of discretion standard, accompanied by a presumption of reasonableness, also applies to "questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

- 4 -

Under the Sentencing Act, trial courts are to consider the following factors when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
> (2) The presentence report;
> (3) The principles of sentencing and arguments as to sentencing alternatives;
> (4) The nature and characteristics of the criminal conduct involved;
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee;
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing; and
> (8) The result of the validated risk and needs assessment conducted by the department and contained in the presentence report.

T.C.A. § 40-35-210(b). The trial court must state on the record the factors it considered and the reasons for the ordered sentence. *Id*. at -210(e); *Bise*, 380 S.W.3d at 706. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (citing T.C.A. § 40-35-102(c)). Rather, the "advisory" sentencing guidelines provide that a defendant, "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" T.C.A. § 40-35-102(6)(A).

Generally, probation is available to a defendant whose actual sentence imposed is ten years or less, and his or her underlying offense is not excluded by law. T.C.A. § 40-35-303(a). The defendant must prove his or her suitability for probation. *Carter*, 254 S.W.3d at 347 (citing T.C.A. § 40-35-303(b)). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *Id*. (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

In determining whether incarceration is an appropriate sentence, the trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1)(A)-(C). When addressing a defendant's suitability for probation, the trial court also should consider: "(1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) special and general deterrence value." *State v. Trent*, 533 S.W.3d 282, 291 (Tenn. 2017).

In ordering Defendant to serve his sentences in confinement, the trial court set forth its findings in a detailed and thorough sentencing order. The court considered the circumstances of the offense, Defendant's prior criminal history, his social history, the applicable mitigating and enhancement factors, and the parties' arguments. The court emphasized that the offenses in the present cases were committed while Defendant "was in a bond-on-bond status, multiple times over." The court found that confinement was necessary to protect society by restraining a defendant who has a long history of criminal conduct, that confinement was necessary to avoid depreciating the seriousness of the offense, and that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to Defendant. *See* T.C.A. § 40-35-103(1)(A)-(C).

Defendant asserts that the trial court placed too much emphasis on the factors listed in Tennessee Code Annotated section 40-35-103(1) and overlooked sections (2) and (4) of the statute. Section 2 provides that the sentence imposed should be "no greater than that deserved for the offense committed." T.C.A. 40-35-103(2). Section 4 provides that the sentence imposed should be "the least severe measure necessary" to achieve the purposes of sentencing. *Id*. at (4). Defendant argues that "[o]verreliance on and misapplication of [s]ection 1 led the [c]ourt to impose a sentence that was both greater than deserved for the offenses committed and were more severe than necessary to achieve the purpose for which the sentences were imposed."

Defendant entered guilty pleas with an agreed-upon length of sentence. In determining whether to impose a sentence of incarceration, the trial court looked at the relevant statutory considerations and found all three applicable. The court noted that

Defendant had "amassed an extensive history of criminal conduct." Defendant argues that "two felony convictions over an entire adulthood hardly qualifies as an 'extensive' history of criminal conduct as it was characterized by the [c]ourt." However, the presentence report showed forty-nine prior offenses, including burglary, assault, domestic assault, forgery, tampering with evidence, theft, trespass, promoting prostitution, violation of the sex offender registry, and nineteen prior arrests for possession of drugs or drug paraphernalia. The court also properly considered whether confinement was necessary to avoid depreciating the seriousness of the offense. The court noted that Defendant was in possession of two firearms and a significant quantity of drugs at the time of his arrest. The court emphasized "the inherent public danger where firearms and drugs intersect." Finally, the court found that measures less restrictive than confinement had been frequently or recently applied unsuccessfully to Defendant, noting that he had previously violated the conditions of a probationary sentence and that he committed the offenses in the present cases while on bond.

Because the record reflects that the trial court fully considered the purposes and principles of sentencing, it did not abuse its discretion in denying Defendant a sentence of probation. Defendant is not entitled to relief.

The record does not contain judgment forms for the counts that were dismissed pursuant to the plea agreement, which include counts 2, 3, and 4 of case number 2024-A-524 and count 1 in case number 2024-A-525. Accordingly, we remand this case to the trial court for entry of judgments reflecting dismissal of each of those counts. We otherwise affirm the judgments of the trial court.

_s/Timothy L. Easter_
TIMOTHY L. EASTER, JUDGE