IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

## STATE OF TENNESSEE v. PATRICK WILSON

**Appeal from the Criminal Court for Shelby County**
**No. 1403832     J. Robert Carter, Jr., Judge**

_____

**No. W2015-00225-CCA-R3-CD  -  Filed December 18, 2015**

_____

Defendant, Patrick Wilson, appeals the trial court's denial of an alternative sentence after the entry of a guilty plea to aggravated statutory rape. Because the trial court did not abuse its discretion in denying an alternative sentence, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Mark A. Mesler, Memphis, Tennessee, for the appellant, Patrick Wilson.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Amy P. Weirich, District Attorney General; and Dru Carpenter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted by the Shelby County Grand Jury in July of 2014 for aggravated statutory rape. Defendant entered a guilty plea on January 7, 2015, with an agreed sentence of two years. The manner of service of the sentence was to be determined by the trial court at a sentencing hearing. Defendant was to file a petition for a suspended sentence and register as a sex offender. The following factual basis for the plea was provided by counsel for the State:

[B]etween the dates of December 15th of 2012 and January 29th of 2013, [Defendant], came to the home of the victim, [D.C.],[1] who was fourteen years old at the time, and [Defendant] was forty-one years old.

He began to come to her residence and was allowed to come in by her mother, [T.H.], to perform repairs while she was not at home.

The victim, [D.C.,] stated that the defendant was allowed in the residence at least three times per week and that each time the defendant entered the residence, they would engage in both natural and oral sex when she came home from school.

The victim advised that she gave [Defendant] her cell phone and that they would correspond using that phone as well as engage in sexual conversations via Facebook.

The presentence report was filed, and the trial court held a sentencing hearing. At the hearing, Defendant testified that he was forty-three years of age. He admitted that he had known the mother of the victim for a while and that they had actually dated for a time, attending family events together with their children. They eventually ended their relationship but remained friends. Defendant "fell on hard times," and the mother of the victim offered Defendant some odd jobs in order for him to make a little money.

The statement by the victim's mother was introduced as a Victim Impact Statement. In that statement, the mother of the victim discovered her daughter was talking on the phone to Defendant one night after 10:00 p.m. She picked up the phone and heard her daughter "talking to a man with a deep voice about sex." The victim admitted that she was talking to Defendant and that they were "having sex every day in the living room when she got home from school." The victim's mother explained that both she and the victim were attending counseling as a result of the abuse. Additionally, the victim suffered from "trust issues," locked her door at night, and had trouble sleeping.

Defendant explained to the trial court that there was "no excuse" for his behavior. He acknowledged that he violated the trust of the victim and her mother and that his actions were "wrong." Defendant agreed to attend counseling if recommended by the trial court. He admitted that in the twenty-five years preceding the guilty plea, he had two driving citations that were ultimately dismissed. Prior to that, he had three misdemeanor convictions between the ages of eighteen and twenty-three that were all "theft-related"—a credit card fraud conviction, a forgery conviction, and a theft conviction.

---

[1] It is the policy of this court to protect the identity of the victims of sexual abuse.

Defendant was a high school dropout but completed his GED and attended some college classes for medical coding. At the time of the hearing, he was working at Vatterott College, teaching. His salary was $2145 twice a month, and he worked from 7:30 a.m. to approximately 10:30 p.m. Defendant had a strong work history, two biological children, and one child that he considered his own but that was not his biological child. He pays child support for two of the children.

On cross-examination, Defendant admitted that he had "fallen on hard times" because he lost his job. Defendant explained that he thought he "had an accident at that time and [he] lost [his] license and that was the reason for . . . losing his job at that time." When questioned further, however, Defendant admitted that he was "using the company credit card to pay [his] bills."

At the conclusion of the sentencing hearing, the trial court commented that the petition was denied "and he can go to the penal farm." The trial court noted that it would be "curious to see" what a psychosexual evaluation would reveal about Defendant. The trial court commented that if he did not incarcerate Defendant, he would "absolutely [be] depreciating the seriousness of this offense" and that was "not a message [the trial court] want[ed] in this community, that you can have a long-term sexual relationship with a fourteen year old when you're a grown man and violate the trust of a family, an individual and a community that way and that there not be some repercussions to it that are more serious than just strict probation."[2]

Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court failed to follow the statutory sentencing procedure and placed "too much emphasis on the nature of the offense," ignoring the fact that he was "an excellent candidate for probation." The State disagrees.

When a defendant challenges the length, range, or manner of service of a sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707.

---

[2] The trial court provided for a delay in execution of the judgment so that Defendant could notify his employer.

Tennessee Code Annotated section 40-35-104 authorizes alternative sentences, which may include a sentence of confinement that is suspended upon a term of probation or a sentence of continuous or periodic confinement in conjunction with a term of probation. T.C.A. § 40-35-104(c)(3)-(5). A defendant is eligible for probation if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options," if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guidelines regarding favorable candidates are advisory. T.C.A. § 40-35-102(6)(D). In this case, Defendant pled guilty to one Class D felony and was sentenced to an effective sentence of two years for the conviction.

Tennessee Code Annotated section 40-35-103 requires that sentences involving confinement be based on the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

T.C.A. § 40-35-103(1).

The trial court in this case relied on subsection (B) of Tennessee Code Annotated section 40-35-103(1). In ordering Defendant to serve his sentence in incarceration, the trial court specifically noted the nature of the offense and the fact that a sentence involving anything other than incarceration would send a bad message to the community. Defendant argues that a passing reference to the seriousness of the offense and a lengthy commentary on the nature of the offense do not support the denial of an alternative sentence. We disagree. The trial court clearly stated that unless he sentenced Defendant to incarceration he would be depreciating the seriousness of the offense. The trial court

- 4 -

herein acted consistently with the purposes and principles of the Sentencing Act. We conclude that the trial court did not abuse its discretion in denying alternative sentencing. Defendant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE