IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 13, 2017

**STATE OF TENNESSEE v. JEFFERY CARL SHIELDS**

**Appeal from the Circuit Court for Bedford County**
**No. 18461    Franklin L. Russell, Judge**

_____

**No. M2017-00870-CCA-R3-CD**

_____

Defendant, Jeffrey Carl Shields, pled guilty to one count of burglary and thirteen counts of forgery in exchange for a total effective sentence of twelve years as a Range II, multiple offender.   After a sentencing hearing, the trial court denied alternative sentencing and ordered Defendant to serve his sentence in incarceration.   This appeal followed.   After a review, we determine that the trial court did not abuse its discretion in denying an alternative sentence where Defendant was facing additional charges at the time of sentence and previous attempts at alternative sentencing had failed. Consequently, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 2 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Donna Orr Hargrove, District Public Defender, and Michael J. Collins (on appeal) and Jackson A. Dearing, III (at trial), Assistant District Public Defenders, for the appellant, Jeffery Carl Shields.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Robert J. Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In January of 2017, Defendant was indicted for one count of burglary, one count of theft of property valued under $500, and twenty-six counts of forgery.   At the guilty plea hearing, the State recounted the factual basis for the pleas as follows:

[B]ack in April of last year, a Mr. James Williams, who I think is a, on the board or in the leadership of the Church of the Redeemer here in Bedford County reported that he had been made aware that a number of checks had been written on their church bank account that they did not authorize, and they'd all been cashed at Advance Financial.

An investigation was launched and it was determined that [Defendant] had been allowed to stay in the sanctuary. He was homeless, and they were allowing him to stay in the sanctuary. They also gave him a key that gave access to another portion of the church, so he could go to the restroom. [B]ut apparently he had gotten into a portion of the church he did not have permission to enter into and found the checkbook. And he took the checkbook or took checks from the checkbook and began cashing them at Advance Financial. I believe there's a total of 13 checks, that [ac]counts for the even number counts of the indictment.

[A]ll the checks were made payable to him. Of course, the church says they did not authorize those checks to be cashed. The police department investigated the matter, they interviewed [Defendant] and he admitted to taking the checks, filling them out, you know, making them payable to himself and cashing them at Advance Financial.

Pursuant to a negotiated plea agreement, Defendant agreed to plead guilty to one count of burglary and thirteen counts of forgery in exchange for a sentence of eight years on the burglary conviction and a sentence of four years on each of the forgery convictions. The forgery sentences were ordered to be served concurrently with each other but consecutively to the burglary sentence, for a total effective sentence of twelve years at thirty-five percent. The trial court was to determine the manner of service of the sentence at a sentencing hearing.

At the sentencing hearing, the State introduced the presentence report, detailing Defendant's criminal history, which started in the early 1990s. Defendant had convictions for theft of property, possession of prohibited weapons, accessory after the fact, driving with a suspended license, evading arrest, casual exchange, violation of the driver's license law, as well as a pending charge for possession of marijuana. Defendant admitted that he had received probation on two prior occasions and violated his probation. Defendant expressed remorse for having committed the crimes at issue and apologized to the trial court. At first, Defendant claimed that he stole the money from the church to support his family but ultimately admitted that he committed the crimes as a result of his addiction to drugs and alcohol. Defendant maintained that he was not a "bad

person" and that he had "learned his lesson." Defendant expressed his desire to enroll in a rehabilitation facility but informed the trial court that the local facility was full.

At the conclusion of the hearing, the trial court commented that there was "zero possibility" that Defendant could be "rehabilitated without incarceration." The trial court pointed to the numerous "breaks" Defendant had been given in the past despite his continued life of crime spanning a "very, very long period of time." The trial court also noted Defendant's probation revocations on his record and pending charges for the sale of marijuana at the time of the sentencing hearing. The trial court agreed that Defendant was not a "bad person" but suffered from addiction, and a sentence of incarceration was "absolutely essential" to get Defendant "on the right road." As a result, the trial court denied alternative sentencing, ordering Defendant to serve his twelve-year sentence in incarceration.

Defendant appeals the denial of alternative sentencing.

*Analysis*

On appeal, Defendant argues that he is a favorable candidate for alternative sentence despite his relapse on drugs and alcohol and that the trial court should have sentenced him to Community Corrections. Specifically, he argues that the crimes he committed "were not of a violent nature, and he is in need of rehabilitation." The State counters that nothing in the record indicates that the trial court abused its discretion.

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The same standard of review applies to a trial court's decision regarding "probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *see also State v. King*, 432 S.W.3d 316, 325 (Tenn. 2014) (applying the same standard to judicial diversion). This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sent'g Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Tennessee Code Annotated section 40-35-102(3)(C) provides that "[p]unishment shall be imposed to prevent crime and promote respect for the law by . . . [e]ncouraging

effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs that elicit voluntary cooperation of defendants[.]" Tennessee Code Annotated section 40-35-104(c)(9) authorizes a "sentence to a community based alternative to incarceration . . . ." Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed," and "[t]he length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence[.]" T.C.A. § 40-35-103(5). On the other hand, sentences involving confinement should be based on the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A.§ 40-35-103(1). Moreover, the sentence imposed "should be no greater than that deserved for the offense committed" and also "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4).

A defendant is eligible for probation if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *Carter*, 254 S.W.3d at 347 (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options" if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guidelines regarding favorable candidates are advisory. T.C.A. § 40-35-102(6)(D).

Defendants who meet certain "minimum criteria" but would otherwise be subject to incarceration may be eligible for Community Corrections. *See* T.C.A. § 40-36-106(a). Even where a defendant does not meet the criteria under Tennessee Code Annotated section 40-36-106(a), he may nevertheless "be considered eligible for punishment in the

community under this chapter" if the defendant "would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution." T.C.A. § 40-36-106(c). In this case, Defendant was convicted of one Class D felony and thirteen class E felonies, and was not convicted of any of the offenses listed in the statute rendering him ineligible for an alternative sentence. Defendant was considered a favorable candidate for alternative sentencing.

Defendant argues that the trial court improperly denied probation by failing to consider all the factors contained in Tennessee Code Annotated section 40-35-103. In our view, the trial court determined that incarceration was in the best interest of Defendant due to Defendant's lengthy criminal history and failure to abide by the terms of probationary sentences. The record supports this decision. The trial court did not abuse its discretion in utilizing and considering Defendant's criminal history in denying an alternative sentence. Moreover, while Defendant testified that he was addicted to drugs and alcohol, there was no evidence presented that treatment of Defendant's issues "could be served best in the community rather than in a correctional institution." T.C.A. § 40-36-106(c). The fact that Defendant had prior probationary sentences revoked alone would support the imposition of a sentence of confinement. *See* T.C.A. § 40-35-103(1)(C). Additionally, Defendant's criminal record supports a sentence of confinement. *See id.* § 40-35-103(1)(A). The trial court did not abuse its discretion in ordering Defendant to serve his sentence of twelve years in confinement. Defendant has failed to establish an abuse of discretion and is, therefore, not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE