IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

**STATE OF TENNESSEE v. ANTWUAN MATIAS GORDON**

**Appeal from the Circuit Court for Marshall County**
**No. 16-CR-184      Forest A. Durard, Jr., Judge**

_____

**No. M2017-01306-CCA-R3-CD**

_____

Defendant, Antwuan Matias Gordon, entered an open guilty plea to one count of driving a motor vehicle after having been declared a habitual motor vehicle offender, in violation of Tennessee Code Annotated section 55-10-616. The trial court sentenced Defendant to serve four years in incarceration. On appeal, Defendant argues that the trial court erred by denying an alternative sentence. After a review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Donna Orr Hargrove, District Public Defender, and William J. Harold, Assistant District Public Defender, for the appellant, Antwuan Matias Gordon.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Robert James Carter, District Attorney General; and William A. Dement, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted by the Marshall County Grand Jury in December of 2016 for driving a motor vehicle after having been declared a habitual motor vehicle offender. Defendant entered an open guilty plea, with the trial court to determine the length and manner of service of the sentence at a sentencing hearing.

At the guilty plea hearing, the State alleged that had the matter gone to trial, the proof would have shown that Defendant was declared a habitual motor vehicle offender on December 4, 2012. Subsequently, on June 6, 2016, Defendant was seen driving a 2001 Chevy Blazer on Highway 431. He passed another vehicle in a no passing zone. A police officer initiated a traffic stop. When the officer ran a driver's license check, dispatch advised the officer that Defendant's license was revoked. Defendant agreed to the factual basis for the plea and the trial court accepted the plea of guilt.

The trial court held a sentencing hearing. At the hearing, the State introduced the presentence report. The report indicated that Defendant had four prior felony convictions and a number of misdemeanor convictions and had been unsuccessful in past attempts at probation. Specifically, the report indicated that Defendant was on community corrections at the time of the current offense.

The trial court determined that Defendant was a Range II, multiple offender. The trial court applied enhancement factors (1), (8), and (13) along with mitigating factor (1). *See* T.C.A. §§ 40-35-113, -114. The trial court noted that Defendant was "well-spoken," "polite," and "neat" and was perplexed as to why Defendant kept coming back to court. At the time of the sentencing hearing, Defendant was twenty-six years of age. The trial court determined that a sentence of four years was appropriate based in part on the fact that Defendant had an "extensive history of criminal activity." The trial court considered alternative sentencing and denied it on the basis that Defendant had potential to re-offend and "at some point [Defendant's criminal behavior] has to end."

Defendant has appealed the trial court's denial of an alternative sentence.

*Analysis*

On appeal, Defendant argues that the trial court "should" have granted alternative sentencing. The State disagrees.

A trial court's decision regarding the length and manner of service of a sentence is reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences reflecting a proper application of the purposes and principles of the Sentencing Act. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Under *Bise*, "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Id.* at 706. A sentence within the appropriate range will be upheld so long as "there are other reasons consistent with the purposes and principles of sentencing." *Id.* The Tennessee Supreme Court explicitly applied the abuse of discretion standard of review in *Bise* to alternative sentencing in *State v. Caudle*. 388 S.W.3d 273, 278-79 (Tenn. 2012) ("[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to

within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence.")

Tennessee Code Annotated section 40-35-104 authorizes alternative sentences, which may include a sentence of confinement that is suspended upon a term of probation or a sentence of continuous or periodic confinement in conjunction with a term of probation. T.C.A. § 40-35-104(c)(3), (4), (5). A defendant is eligible for probation if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation. T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options" if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guideline regarding favorable candidates is advisory. T.C.A. § 40-35-102(6)(D). In this case, Defendant was convicted of a Class E felony and was sentenced to an effective sentence of ten years or less. However, Defendant was determined to be a Range II, multiple offender. Therefore he was not a favorable candidate for alternative sentencing.

Tennessee Code Annotated section 40-35-103 requires that sentences involving confinement be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1).

The trial court in this case relied on subsections (A) and (C) of Tennessee Code Annotated section 40-35-103(1). In ordering Defendant to serve his sentence in

incarceration, the trial court specifically noted Defendant's criminal history in addition to the case at issue, the fact that Defendant was previously sentenced to probation, and the fact that Defendant was on community corrections at the time of the offense. The trial court expressed doubt with regard to Defendant's ability to be rehabilitated based on the fact that he was on community corrections at the time of the offense. The record shows that the trial court considered the relevant sentencing considerations, and Defendant has not established that the trial court abused its discretion in denying alternative sentencing or "otherwise overc[a]me the presumption of reasonableness afforded sentences [that] reflect a proper application of the purposes and principles of our statutory scheme." *See Caudle*, 388 S.W.3d at 280. We conclude that the trial court did not abuse its discretion in denying alternative sentencing.

_____
TIMOTHY L. EASTER, JUDGE