IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 24, 2018

**STATE OF TENNESSEE v. MICHAEL C. CARTER**

**Appeal from the Criminal Court for Sullivan County**
**No. S66911, S67168          R. Jerry Beck, Judge**

———————————————

**No. E2017-01292-CCA-R3-CD**

———————————————

Defendant, Michael C. Carter, was charged via presentment with one count of failure to appear, one count of being a habitual traffic offender, one count of failure to provide law enforcement evidence of financial responsibility, one count of operating a motor vehicle on a public road with a false registration, and one count of failure to dim headlights within 500 feet of an oncoming vehicle. Defendant pled guilty and was sentenced to an effective sentence of four years in incarceration. Defendant appeals to this Court, arguing that the trial court improperly denied alternative sentencing. After a complete review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Stephen M. Wallace, District Public Defender; M. Tyler Harrison, Assistant District Public Defender, for the appellant, Michael C. Carter.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Barry P. Staubus, District Attorney General; and Mitchell B. Watson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In September of 2016, Defendant was charged by the Sullivan County Grand Jury with one count of felony failure to appear. In November of 2016, the Sullivan County Grand Jury returned a four-count presentment charging Defendant with one count of

being a habitual traffic offender, one count of failure to provide law enforcement evidence of financial responsibility, one count of operating a motor vehicle on a public road with a false registration, and one count of failure to dim headlights within 500 feet of an oncoming vehicle.  On April 7, 2017, Defendant entered guilty pleas to all five counts, leaving the manner of service and length of the sentence for the determination of the trial court.  The transcript of the guilty plea hearing does not appear in the record on appeal.

At a sentencing hearing, Defendant sought an alternative sentence.  Defendant testified that he was sixty-three years of age and that it had been six years since he had a criminal conviction.  Defendant admitted that he used to have a problem "drinking beer" but that he quit drinking because it "tormented everybody [he] was associated with . . . disrupted [his family], [and] cost [him] money" as well as "jail time."  Defendant admitted that he had a significant criminal history and that he failed to complete a probationary sentence in the past because his wife was having surgery and he missed a weekend in jail.[1]  As a result of the violation, Defendant served 128 days in incarceration.  Defendant explained that he was plagued by a bevy of health problems, including one herniated disc in his neck, two herniated discs in his lower back, a bad hip, restless leg syndrome, high blood pressure, and heart problems.  Defendant had open heart surgery seven years prior to the sentencing hearing.  Defendant admitted that he experimented with marijuana in high school but that he did not like it so he discontinued using it.  Defendant asked the trial court for a "chance" to prove "that [he] can do right and [he's] been doing right."  Defendant admitted that he picked up a charge for failure to appear in court while the charges were pending because he "wrote [the date] down on the calendar wrong."

The trial court acknowledged that Defendant had a "long record" coupled with a "long history of his own admission of beer use" and that Defendant continued to accumulate more convictions as he aged.  The trial court commented that Defendant was definitely getting older but it did not appear he was getting "much wiser."  The trial court noted Defendant had three prior felonies including a grand larceny, a failure to appear, and a conviction for being a habitual traffic offender.  However, the trial court noted that the plea agreement called for Defendant to be sentenced as a Range I offender.  The trial court noted that the failure to appear and habitual traffic offender sentences were mandatorily consecutive and ordered Defendant to serve his effective four-year sentence in incarceration.  The trial court commented it was difficult to "be confident that [Defendant] would not be in further trouble" and that Defendant presented a "danger" to the community.

---

[1] Apparently, at the time of his wife's surgery, Defendant was serving "30 weekends" in jail.

Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant challenges the trial court's denial of an alternative sentence. Specifically, Defendant claims the trial court abused its discretion by failing to properly apply the purposes and principles of the Sentencing Act. The State disagrees.

A trial court's decision regarding the length and manner of service of a sentence is reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences reflecting a proper application of the purposes and principles of the Sentencing Act. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Under *Bise*, "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Id.* at 706. A sentence within the appropriate range will be upheld so long as "there are other reasons consistent with the purposes and principles of sentencing." *Id.* The Tennessee Supreme Court explicitly applied the abuse of discretion standard of review in *Bise* to alternative sentencing in *Caudle*. 388 S.W.3d at 278-79 ("[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence.").

In conducting its review, this Court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. §§ 40-35-102, -103, -210; *see also Bise*, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. *See* T.C.A. § 40-35-401, Sentencing Comm'n Cmts.

Tennessee Code Annotated section 40-35-104 authorizes alternative sentences, which may include a sentence of confinement that is suspended upon a term of probation or a sentence of continuous or periodic confinement in conjunction with a term of probation. T.C.A. § 40-35-104(c)(3), (4), (5). A defendant is eligible for probation if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). Although "probation shall be automatically considered by the court as a sentencing alternative for eligible defendants," the defendant bears the burden of "establishing suitability" for probation.

T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

A defendant who is sentenced as an especially mitigated or standard offender and who has committed a Class C, D, or E felony should be "considered as a favorable candidate for alternative sentencing options" if certain conditions are met. T.C.A. § 40-35-102(5), (6)(A). The guideline regarding favorable candidates is advisory. T.C.A. § 40-35-102(6)(D). In this case, Defendant was convicted of two Class E felonies and three Class C misdemeanors and was sentenced to an effective sentence of ten years or less. Therefore he was a favorable candidate for alternative sentencing.

Tennessee Code Annotated section 40-35-103 requires that sentences involving confinement be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

T.C.A. § 40-35-103(1).

The trial court in this case relied on subsections (A) and (C) of Tennessee Code Annotated section 40-35-103(1). In ordering Defendant to serve his sentence in incarceration, the trial court specifically noted Defendant's criminal history in addition to the five offenses at issue and the fact that Defendant was previously granted "either partial suspended sentences or totally suspended sentences," and the potential for Defendant to be a "danger." The trial court herein acted consistently with the purposes and principles of the Sentencing Act. We conclude that the trial court did not abuse its discretion in denying alternative sentencing.

_____
TIMOTHY L. EASTER, JUDGE