IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 12, 2022

## STATE OF TENNESSEE v. JOSEPH ANTHONY SZOSTAK, III

**Appeal from the Circuit Court for Lawrence County**
**No. 36409     J. Russell Parkes, Judge**

_____

### No. M2021-00443-CCA-R3-CD
_____

Defendant, Joseph Anthony Szostak, III, claims that the trial court abused its discretion by denying his request for alternative sentencing and ordering him to serve his sentence of three years and six months in confinement.  After a thorough review of the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and JILL BARTEE AYERS, JJ., joined.

Brandon E. White, Columbia, Tennessee, for the appellant, Joseph Anthony Szostak, III.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Senior Assistant Attorney General; Brent Cooper, District Attorney General; and Gary Howell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Lawrence County Grand Jury indicted Defendant for one count of identity theft. On December 9, 2020, Defendant entered a guilty plea as a Range I standard offender to Class D felony identity theft, with the length and manner of service of the sentence to be decided following a sentencing hearing.  During the plea colloquy, the trial court established that Defendant understood his rights and that the plea was being entered freely, voluntarily, and knowingly.  The factual basis provided by the State was that Defendant came "into possession of a checking account and bank routing numbers of an account belonging" to William Stults, the victim, and used the information to purchase over $2,500 in goods and services at various businesses.  Defendant agreed that the State "possesses

facts such that if believed by a jury could result in [his] conviction." The court accepted the plea and set a date for the sentencing hearing.

The sentencing hearing was conducted on January 21, 2021, by Zoom video conference pursuant to the Covid protocols. The presentence report was entered by agreement as Exhibit 1. According to the presentence report, between June 13 and July 22, 2019, Defendant used the victim's "personal identifying information" to purchase $2,783.44 in goods and services.

Defendant called Lisa Marks, the victim's sister. Ms. Marks worked as the bookkeeper at the victim's epoxy flooring business called "Gotcha Covered" and prepared the victim impact statement. Defense counsel questioned Ms. Marks about the $3,000 amount of restitution that the victim sought. She said that the victim was reimbursed by the bank for all of the withdrawals from the checking account but that the victim had to pay her "a lot of overtime" to investigate what amount of money was stolen by Defendant. She did not know how much she was paid for the overtime she worked.

Defendant testified that, after his arrest for identity theft, he was treated for anxiety, attention-deficit disorder, and bipolar disorder at Rolling Hills Hospital in Franklin. He spent sixty-one days in rehabilitation at the Place of Hope in Columbia. He then moved into a halfway house in Nashville and got a job at NomNomNow through Project Return, a temporary employment agency. He also worked at Nissan and Williams and Associates and, on the weekends and nights, for Uber, Lyft, and DoorDash. He said that he got a job at Project Return after graduating from Sober Living America in June 2020. Defendant stated that he had "[j]ust one probation violation. That was [] three years back in 2015."

During cross-examination, Defendant was questioned about a letter he wrote to the victim in December 2020, in which he claimed that he was "flimflammed" by Marguetta Childress, who was supposed to deposit the money he gave her into her bank account so that he could use it to pay his bills online. Defendant testified that Ms. Childress sent him, via Facebook Messenger, a small picture showing a routing and account number that turned out to be the victim's banking information and that he paid bills out of that account. He said that a "light bulb should have been going off" because it was not a picture of the "whole check." He said that he did not know anything about a search warrant being served on Facebook and Facebook's responding that there was never any such message. When asked why he pled guilty if he was the victim of fraud, Defendant stated, "[I]f I had [been] on my p's an[d] q's and dotting my i's and crossing my t's, I would have known that was not her account. So, I did illegally use someone else's account without their permission."

According to the presentence report, on or about September 24, 2014, Defendant pled guilty to four counts of theft over $1,000 in Maury County and was sentenced to four years to be served on probation. His probation was partially revoked in October 2014 after he was charged with misdemeanor theft, partially revoked in February 2015 after he was

charged with assault, and fully revoked in May 2015 after he was charged with a felony theft. In March 2015, Defendant was sentenced in Maury County to three years to be served on probation for three Class D felony thefts. He was paroled in August 2016. Defendant began serving another probated sentence in December 2016. His probation was partially revoked in May 2017 and in November 2017. This sentence expired in December 2018 with restitution paid in full. At the time he committed identity theft in this case, Defendant was serving an eleven-month twenty-nine-day sentence on probation out of Lawrence County. His probation was subsequently revoked, and he served 120 days in jail. Additionally, Defendant was charged in Maury County with one count each of burglary, false report, harassment, and worthless check on January 20, 2019, and he was released on bail for these charges at the time he committed identity theft in this case. He was convicted as charged on the four Maury County offenses on March 2, 2020, and was sentenced to a total effective sentence of ten years.

Defendant admitted that he had a balance of over $16,500 in a savings account at the time he was indicted for these offenses. He said that $5,000 was deposited from his payroll checks and that the balance came from his grandmother's estate in 2019. The presentence report also stated that Sober Living America verified Defendant "was removed from the program and fired from employment" on May 18, 2020, "after failing a drug screen and other suspicious behavior."

After argument of counsel, the trial court announced its sentencing decision on the record. The court stated that it had considered the evidence presented both at the sentencing hearing and the previous times Defendant had been before the court, the presentence report, the purposes of sentencing outlined in Tennessee Code Annotated section 40-35-102, the principles of sentencing outlined in Tennessee Code Annotated section 40-35-103, the statistical information provided by the Administrative Office of the Courts, the STRONG-R assessment, the statements made by Defendant, and the arguments of counsel.

Addressing enhancement factors, the court found that factor (1) was applicable because Defendant "has a previous history of criminal convictions and criminal behavior, in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(8). The court noted that Defendant had been convicted of theft-related offenses in 2013, 2014, 2015, 2017; worthless checks in 2019, and burglary in 2019. The court found that factor (8) was applicable because Defendant "before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community." Tenn. Code Ann. § 40-35-114(8)

Concerning mitigating factors, the trial court found that factor (1) was applicable because Defendant's "criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1). The court found that factor 13 was applicable because Defendant sought assistance, successfully completed one rehabilitation program, and had remained employed for some period of time. Tenn. Code Ann. § 40-35-113(13).

Concerning Defendant's request for an alternative sentence, the trial court stated that it had considered the presentence report, Defendant's physical and mental condition, his social history, his past criminal history, the facts and circumstances surrounding the offense, and the nature and circumstances of the criminal conduct. The court found that Defendant was not a favorable candidate for alternative sentencing because he was being sentenced for a third or subsequent felony conviction involving separate periods of incarceration or supervision. The court found, pursuant to Tennessee Code Annotated section 40-35-103(1)(A), that "[c]onfinement is necessary to protect society by restraining a [D]efendant who has a long history of criminal conduct" and, pursuant to section 40-35-103(1)(C), that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to [D]efendant." The court discredited Defendant's testimony, specifically finding that Defendant "has not been truthful today nor in the investigative report." The court denied probation and ordered Defendant to serve a sentence of three years and six months in the Tennessee Department of Correction ("TDOC"). The court found that because Defendant was released on bail when he committed identity theft and Defendant was convicted of both offenses, consecutive sentencing was mandated by Tennessee Rule of Criminal Procedure 32(c)(3)(C). The court ordered the sentence of three years and six months to be aligned consecutively to his ten-year Maury County sentence. Defendant timely appealed.

**Analysis**

Defendant claims that the trial court abused its discretion when it denied Defendant's request for alternative sentencing and ordered him to serve the entirety of his sentence of three years and six months in confinement. Defendant argues that this court should "reverse the decision of the trial court, suspend the remainder of [Defendant]'s sentence to probation, and order his immediate[] release from" TDOC. The State argues that the trial court properly exercised it discretion in sentencing Defendant. We agree with the State.

Defendant is eligible for probation because the sentence imposed is ten (10) years or less and identity theft is not excluded from eligibility. Tenn. Code Ann. § 40-35-303(a) (2020). Under the "advisory" sentencing guidelines, a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6)(A) (2020). Under Tennessee Code Annotated section 40-35-103, the trial court should look to the following considerations to determine whether a sentence of confinement is appropriate:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2020). Defendant has the burden of establishing that he is a suitable candidate for probation and "demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

In *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012), the supreme court explicitly held "that the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." Here, the record demonstrates that the trial court carefully considered all of the evidence, the statutory enhancement and mitigating factors, and the purposes and principles of sentencing before rejecting Defendant's request for an alternative sentence and ordering Defendant to serve the sentence of three years and six months in confinement.

The trial court properly determined that Defendant was not a suitable candidate for alternative sentencing and that a sentence of confinement was appropriate based on the purposes and principles of sentencing. Defendant's numerous prior convictions were evidence that Defendant was not a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6)(A). One of the purposes of sentencing to promote justice is to restrain a defendant who has "lengthy history of criminal conduct," like Defendant in this case. Tenn. Code Ann. § 40-35-102(3)(B). The record fully supports the trial court's finding that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." Tenn. Code Ann. § 40-35-103(1)(A). The record also fully supports the trial court's finding that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C).

5

**Conclusion**

Defendant has failed to establish that the trial court abused its discretion in denying an alternative sentence and ordering the sentence to be served in the TDOC. The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE