IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs August 19, 2025

## STATE OF TENNESSEE v. DEMARCUS MONTAY MONTGOMERY

**Appeal from the Criminal Court for Knox County**
No. 128488   Steven Wayne Sword, Judge

_____

### No. E2024-01661-CCA-R3-CD

_____

Pursuant to a plea agreement, Defendant, Demarcus Montay Montgomery, entered guilty pleas for aggravated assault against a first responder and evading arrest involving the risk of death or injury in exchange for a three-year sentence, with the trial court to determine the manner of service.  Following a sentencing hearing, the trial court imposed a sentence of three years' confinement.  On appeal, Defendant argues that the trial court abused its discretion by sentencing him to full confinement rather than probation.  Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

Dillon E. Zinser, Knoxville, Tennessee, for the appellant, Demarcus Montay Montgomery.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Charme Allen, District Attorney General; and Greg Eshbaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Facts and Procedural History

*Plea Hearing*

Defendant was charged by information with Count 1, aggravated assault against a first responder, and Count 2, evading arrest involving the risk of death of injury.  On August

19, 2024, Defendant entered a plea agreement with the State, by which he agreed to plead guilty to Count 1, aggravated assault against a first responder, a Class C felony, and Count 2, evading arrest involving the risk of death or injury, a Class D felony, in exchange for an effective sentence of three years. *See* Tenn. Code Ann. §§ 39-13-116(b)(3) (2023); 39-16-603 (2023). Pursuant to the agreement, the manner of service was left to the discretion of the trial court. At the plea hearing, the State recited the factual basis for the plea:

> [H]ad this case gone to trial, [the] State would expect to show, through testimony of the witnesses listed, that on December 4th, 2023, at approximately 2050 hours, at Heiskell Avenue at – in North Central Street, officers attempted to stop a white BMW at that location. The vehicle had a headlight out and matched a BOLO from the Knoxville Police Department that had been put out on November 30th, 2023, for fleeing from them.
>
> When officers initiated emergency equipment, the suspect vehicle immediately took off and did strike Sergeant John – well, now, Lieutenant John Sharp's police vehicle in the front, driver's side fender, as Lieutenant Sharp was exiting his vehicle, which did place Lieutenant Sharp in immediate danger of serious bodily injury or harm.
>
> Sergeant – or Lieutenant Sharp then gave chase down Atlantic, then left on Felts Street, left on Chickamauga, left on Bruhin Street, then straight onto Central. It continued, Your Honor, onto Hall of Fame, and then to Magnolia, where the suspect turned right into an empty parking lot, at 1928 Magnolia, and then into an alley, where the suspect bailed out of the car and ran on foot.
>
> Officers caught up to the suspect as he was trying to climb a fence. He turned back towards officers as he jumped off the fence, lunging in that officer's direction. The taser was deployed. They had to fight with the defendant in order to subdue him and had to deploy the taser a second time. They were eventually able to place him into custody and were able to identify him as [Defendant].

Following the State's recitation of the factual basis, Defendant affirmed that he understood he was pleading guilty to the charges in exchange for an effective sentence of three years and that the trial court would determine the manner of service. He further acknowledged that, by pleading guilty, he would be required to serve a minimum of sixty days in jail, with the remainder of the sentence "up to the [trial court] to decide whether or not the balance of that three-year sentence will be on probation or if you have to serve more

of that in jail." The trial court accepted Defendant's guilty pleas and deferred sentencing to allow Defendant to apply for probation.

*Sentencing Hearing*

At the sentencing hearing on October 4, 2024, the State requested that the trial court impose a sentence of confinement. The State exhibited the presentence report prepared by the Tennessee Department of Correction at the hearing. The State emphasized that according to the report, Defendant had an extensive criminal history, including convictions for felony drug possession, felony evading arrest, a felony weapons offense, driving on a revoked license, driving under the influence ("DUI"), and misdemeanor assault. The State argued that, given these circumstances, a sentence of probation would undermine the seriousness of the offenses. Finally, the State noted that less restrictive alternatives to confinement had recently been tried and failed. Specifically, the State pointed out that the Defendant was on probation for felony evading arrest at the time of the current offenses.

Defendant responded that since being charged with the present offenses, he had demonstrated his ability to be a productive member of society. He noted that nearly a year had passed since the offenses occurred, during which time he had maintained steady employment and had not incurred any new criminal charges. Additionally, the Revised Static Risk and Offender Needs Guide ("Strong-R") Assessment included in the presentence report submitted by the State indicated that the Defendant was at a moderate risk to reoffend as opposed to a high risk. According to the assessment, Defendant's highest identified need was education, while his risk level for aggression was moderate, and all other assessed areas were classified as low. Defendant elected not to present an allocution.

In imposing its sentence, the trial court considered the principles of sentencing, the evidence presented at the sentencing hearing, the presentence report, and the nature and characteristics of the underlying offense. First, the court found that confinement was necessary to protect society from a defendant with an extensive criminal history. Tenn. Code Ann. § 40-35-103(1)(A). Specifically, the court noted that Defendant, over the course of a decade, had prior convictions for felony drug possession, felony evading arrest, a felony weapons charge, misdemeanor assault, misdemeanor evading arrest, DUI, simple possession, and driving on a revoked license.

Second, the court found that confinement was necessary to avoid depreciating the seriousness of the offenses. The court emphasized that, under Tennessee law, evading arrest in a motor vehicle that creates a risk of harm to others constitutes the most serious form of that offense. Tenn. Code Ann. § 40-35-103(1)(B). Third, the court found that

- 3 -

confinement was not warranted as a general deterrent to others, as the particular case had received little public attention and therefore had limited deterrent value. *Id.*

Fourth, the court found that less restrictive measures had recently been attempted and failed. Tenn. Code Ann. § 40-35-103(1)(C). The court noted that Defendant had previously been placed on probation and had committed multiple infractions. Specifically, the court referenced that Defendant "was originally given a split confinement sentence in 2018, and failed to comply with the balance of that sentence and ended up getting revoked and coming out on determinate release. And so, apparently, split confinement's been tried in the past and has been unsuccessful." The court further observed that Defendant's criminal conduct had escalated over time despite prior leniency. Notably, the court observed that Defendant committed felony evading arrest—while in possession of a weapon and as a convicted felon—approximately two and a half years before the present offenses. The court concluded that the Defendant had "learned absolutely nothing from that." Finally, the court found that the Defendant lacked potential for rehabilitation.

Finding "the only appropriate sentence is a sentence to serve," the court denied Defendant's request for probation and ordered Defendant to serve the entirety of his sentence in confinement.

## II. Analysis

On appeal, Defendant argues that the trial court abused its discretion by sentencing him to full confinement rather than probation. Defendant relies upon the evidence contained within the presentence report in support thereof. Specifically, he notes that he was gainfully employed at the time of sentencing, had not incurred any new criminal charge since the offense occurred, and was assessed as only being a moderate risk on his Strong-R assessment. The State argues that the trial court acted within its discretion in denying probation, and the record supports the court's decision.

### A. Standard of Review

We review the length and manner of service of within-range sentences imposed by a trial court under an "abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party. *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). Our supreme court has stated that "the abuse of discretion standard of appellate review accompanied by a presumption of reasonableness applies to all sentencing decisions." *State v. King*, 432 S.W.3d 316, 324 (Tenn. 2014) (citing *State v. Pollard*, 432

- 4 -

S.W.3d 851, 864 (Tenn. 2013)). This standard also applies to "questions related to probation or any other alternative sentence," *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012), as well as to a trial court's decision to impose consecutive sentencing, *see Pollard*, 432 S.W.3d at 860.

Nevertheless, to be afforded deference on appeal, the trial court must "place on the record any reason for a particular sentence." *Bise*, 380 S.W.3d at 705. There is no presumption of reasonableness when the trial court fails to consider and weigh the applicable factors. *King*, 432 S.W.3d at 327-28; *Caudle*, 388 S.W.3d at 279. However, as this court has observed:

> [T]rial courts need not comprehensively articulate their findings concerning sentencing, nor must their reasoning be "particularly lengthy or detailed." *Bise*, 380 S.W.3d at 706. Instead, the trial court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision[-]making authority." *Id*.

*State v. Sheets*, No. M2022-00538-CCA-R3-CD, 2023 WL 2908652, at \*4 (Tenn. Crim. App. Apr. 12, 2023) (alterations in original), *no perm. app. filed*.

We will uphold the trial court's sentencing decision on appeal "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. A defendant bears the burden of proving that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

## B. Confinement

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(c)). Rather, the "advisory" sentencing guidelines provide that a defendant, "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" Tenn. Code Ann. § 40-35-102(6)(A).

Generally, probation is available to a defendant whose actual sentence imposed is ten years or less, and his or her underlying offense is not excluded by law. Tenn. Code Ann. § 40-35-303(a). The defendant must prove his or her suitability for probation. *Carter*,

254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b)). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *Id.* (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

In determining whether incarceration is an appropriate sentence, the trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A)-(C). When addressing a defendant's suitability for probation, the trial court also should consider: "(1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) special and general deterrence value." *State v. Trent*, 533 S.W.3d 282, 291 (Tenn. 2017).

The record reflects that, in denying Defendant's request for probation, the trial court considered the applicable principles of sentencing, the evidence presented at the sentencing hearing, the presentence report, and the nature and characteristics of the underlying offense. In determining the appropriate sentence, the court found that confinement was necessary to protect society from a defendant with an extensive criminal history, to avoid depreciating the seriousness of the offense, and because less restrictive measures had recently been applied and failed. *See* Tenn. Code Ann. § 40-35-103(1)(A)-(C). The court particularly emphasized that Defendant's criminal history spanned over a decade and included the commission of the same offense—felony evading arrest—just two and a half years prior to the current offense.

With respect to the Defendant's emphasis on his recent employment, lack of new charges, and the Strong-R assessment, the record shows that the court considered all of this information, which was included in the presentence report. That the trial court did not assign the same weight to these factors as Defendant would have preferred does not constitute a basis for relief. *See Bise*, 380 S.W.3d at 709-10.

The record reflects that the trial court weighed the applicable sentencing factors and imposed a sentence of confinement that was consistent with the purposes and principles of

sentencing. We, therefore, conclude that the trial court did not abuse its discretion in ordering Defendant to serve his sentences in confinement.

## III. Conclusion

Upon reviewing the record, the parties' briefs, and the applicable law, we affirm the judgments of the trial court.

_____ s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE
